IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF. LA
2006 FEB 13 P 3:54
SIGN
BY DEPUTY CLERK

| | |
|---|---|
| DERRICK W. CURRY #131053 | DOCKET NO.: 06-118-FJP-DLD |
| - VS - | FILED: |
| RICHARD STALDER, Secretary and BURL CAIN, Warden | MAGISTRATE JUDGE _____ DISTRICT JUDGE |

## PETITION FOR WRIT OF HABEAS CORPUS

MAY IT PLEASE THIS HONORABLE COURT:

NOW INTO COURT comes, Petitioner, DERRICK W. CURRY #131053, in propria person, who respectfully moves this Honorable Court for an issuance of a Writ of Habeas Corpus.

### PARTIES

1. Petitioner, DERRICK W. CURRY #131053, is an inmate under the custody of the Louisiana Department of Public Safety and Corrections who is housed at the Louisiana State Penitentiary.

2. Respondent, RICHARD STALDER, is the Secretary of the Louisiana Department of Public Safety and Corrections.

3. Respondent, BURL CAIN, is the Warden of the Louisiana State Penitentiary.

-7-

## FACTUAL AND PROCEDURAL HISTORY

4. On Monday, February 16, 2004, while the Petitioner was housed at Camp D Raven, the Petitioner was sent to Administrative Segregation at Camp D Hawk at or about 3:30 p.m.

5. Petitioner was not told why he was being placed in Administrative Segregation nor furnished a copy of any disciplinary report.

6. On Tuesday, February 17, 2004, Petitioner appeared before the Disciplinary Board at Camp D Hawk at or about 10:00 a.m.

7. At the hearing before the Disciplinary Board, Petitioner learned that Capt. Willie Thomas had prepared a disciplinary report against him for the violation of Rule #30-W (General Prohibited Behavior). (See Exhibit "A").

8. Petitioner also learned at his hearing before the Disciplinary Board that Capt. Eli Wilson had prepared an investigative against him. (See Exhibit "B").

9. The Disciplinary Board found Petitioner guilty of violating Rule #30-W for the following reasons: 1) report is clear and precise; 2) lack of a credible defense/little or no defense; and 3) the officer's version is determined to be more credible than the inmate's. (See Exhibit "A").

10. The Disciplinary Board imposed a sentence of transfer to Camp J Extended Lockdown

-2-

and loss of 30 days of good time.

11. The Disciplinary Board's reason for the sentence was due to the "seriousness of offense." (See Exhibit "A").

12. On February 19, 2004, Petitioner timely filed a disciplinary appeal to Respondent Burl Cain.

13. Petitioner's disciplinary appeal was given appeal number: LSP-2004-14757-W.

14. On April 5, 2004, Petitioner received a copy of his disciplinary appeal decision. (See Exhibit "C").

15. On April 23, 2004, Petitioner timely filed a petition for judicial review in the 19th Judicial District Court for the Parish of East Baton Rouge.

16. Petitioner's petition for judicial review was filed and assigned number: 519,651.

17. On February 15, 2005, Petitioner received a report recommending that his petition for judicial review be dismissed. (See Exhibit "D").

18. On April 14, 2005, a Judgment was signed dismissing Petitioner's petition for judicial review. (See Exhibit "E").

19. Petitioner filed an appeal of the decision dismissing his petition for judicial review in the Court of Appeal, First Circuit for the Parish of East Baton Rouge.

20. Petitioner's appeal was filed and assigned appeal number: 2005-CA-1334.

21. Petitioner's appeal is still pending in the Court of Appeal, First Circuit.

22. Petitioner was confined in extended lockdown for a total of 590 days.

23. Petitioner has exhausted all of his state remedies.

24. Petitioner is actually innocent of violating Rule #30-W.

## CLAIMS FOR RELIEF

I. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN A COPY OF HIS DISCIPLINARY REPORT PRIOR TO HIS APPEARANCE BEFORE THE DISCIPLINARY BOARD.

II. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN AT LEAST TWENTY-FOUR HOURS TO PREPARE A DEFENSE PRIOR TO HIS APPEARANCE BEFORE THE DISCIPLINARY BOARD.

III. PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE THREATENED OR STRONG-ARMED AN INMATE.

IV. PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE WAS THE AUTHOR OF THE LETTER THAT CONTAINED THREATS AND STRONG-ARMING OF AN INMATE.

V. PETITIONER WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HE WAS SENTENCED TO CAMP J EXTENDED LOCKDOWN WHERE THERE WAS NO EVIDENCE PRODUCED BEFORE THE DISCIPLINARY BOARD THAT HE VIOLATED RULE #30-W.

VI. PETITIONER WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HIS SENTENCE TO CAMP J EXTENDED LOCKDOWN WAS GROSSLY DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENSE.

VII. PETITIONER WAS DENIED DUE PROCESS OF LAW AND SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HE IS ACTUALLY INNOCENT OF VIOLATING RULE 30-W.

## ARGUMENT

I. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN A COPY OF HIS DISCIPLINARY REPORT PRIOR TO HIS APPEARANCE BEFORE THE DISCIPLINARY BOARD.

Petitioner respectfully contends that he was never provided a copy of his disciplinary report prior to his appearance before the Disciplinary Board.

Petitioner has a right to be given a written copy of the disciplinary report(s) filed against him at least twenty-four hours prior to his appearance before the Disciplinary Board.

The disciplinary report filed against the Petitioner indicates that Petitioner was provided a copy of the disciplinary report filed against him on February 16, 2004. This is totally untrue.

It is therefore petitioner's contention that he was denied due process of law when he was not provided a written copy of his disciplinary report at least twenty-four hours prior to his appearance before the Disciplinary Board.

II. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN AT LEAST TWENTY-FOUR HOURS TO PREPARE A DEFENSE

PRIOR TO HIS APPEARANCE BEFORE THE DISCIPLINARY BOARD.

Petitioner respectfully contends that he was denied due process of law when he was not given at least twenty-four hours to prepare a defense prior to his appearance before the Disciplinary Board.

A disciplinary report was filed against the Petitioner on February 16, 2004, for the violation of Rule #30-W (General Prohibited Behavior) at or about 3:30 p.m. and sent to Administrative Segregation at Camp D Hawk.

On February 17, 2004, Petitioner appeared before the Disciplinary Board at or about 10:00 a.m.

Petitioner has a right under the 14th Amendment of the United States Constitution and the prison's rules and regulation to be given at least twenty-four hours to prepare a defense prior to his appearance before the Disciplinary Board after a disciplinary report is filed against him.

It is therefore Petitioner's contention that he was denied due process of law when he was not given at least twenty-four hours to prepare a defense after the disciplinary report was filed against him prior to his appearance before the Disciplinary Board.

-7-

III. PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE THREATENED OR STRONG-ARMED AN INMATE.

On Monday, February 16, 2004, Petitioner was sent to Administrative Segregation for the alleged violation of Rule #30-W (General Prohibited Behavior.

On Tuesday, February 17, 2004, Petitioner appeared before the Disciplinary Board where he was found Guilty of violating Rule #30-W and sentenced to Camp J Extended Lockdown.

The only evidence produced at Petitioner's hearing before the Disciplinary Board was the Disciplinary Report filed by Capt. Thomas and the Investigative report filed by Capt. Eli Wilson.

There was absolutely no evidence produced at Petitioner's hearing before the Disciplinary Board that he threatened or strong-armed an inmate.

It is therefore Petitioner's contention that he was denied due process of law where there was no evidence produced at his hearing before the Disciplinary Board that he threatened or strong-armed an inmate.

-8-

IV. PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE WAS THE AUTHOR OF THE LETTER THAT CONTAINED THREATS AND STRONG-ARMING OF AN INMATE.

Petitioner was accused of writing two letters to two inmates. One of the letters was suppose to have contained threats and strong-arming of an inmate.

There was absolutely no evidence to show that Petitioner was the author of the letters or the letter which contained threats and strong-arming of an inmate.

The Disciplinary Board conducted no handwriting samples of Petitioner's handwriting nor compared handwriting samples of documents contained in Petitioner's Master Prison Records with the letters.

Both of the letters were anonymous letters. They did not have Petitioner's name of them nor did they mention his name.

It is therefore Petitioner's contention that he was denied due process of law where there was no evidence produced at his hearing before the Disciplinary Board that he was the author of the letter that contained threats and strong-arming of an inmate.

-9-

V. PETITIONER WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HE WAS SENTENCED TO CAMP J EXTENDED LOCKDOWN WHERE THERE WAS NO EVIDENCE PRODUCED BEFORE THE DISCIPLINARY BOARD THAT HE VIOLATED RULE #30-W.

On February 17, 2004, Petitioner was sentenced to Camp J Extended Lockdown after he was found Guilty by the Disciplinary Board of violating Rule #30-W.

Rule #30-W is defined as follows:

"Any behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit or well-being of an employee, visitor, guest, inmate or their families may still be the subject of a disciplinary report and all Schedule B penalties except for forfeiture of good time."

There was absolutely no evidence produced before the Disciplinary Board that Petitioner violated Rule #30-W.

It is therefore Petitioner's contention that he was subjected to cruel and unusual punishment where he was sentenced to Camp J Extended Lockdown where there was no evidence produced before the Disciplinary Board that he violated Rule #30-W.

-10-

VI. PETITIONER WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HIS SENTENCE TO CAMP J EXTENDED LOCKDOWN WAS GROSSLY DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENSE.

Petitioner was sentenced to Camp J Extended Lockdown after he was found guilty of violating Rule #30-W by the Disciplinary Board.

Camp J Extended Lockdown is the disciplinary camp of the Louisiana State Penitentiary and is reserved for dangerous inmates.

Petitioner could have been sentenced to a number of penalties as described in the Disciplinary Rules and Procedures for Adult Inmates, 2000 on page 12.

The sentence imposed in this case was grossly disproportionate to the Petitioner and the offense.

Petitioner only had one disciplinary report in 2003 and one disciplinary report in 2004. This is Petitioner's first rule violation of Rule #30-W.

The criminal courts recognize that a sentence can be grossly disproportionate to the offense and Petitioner see why it should not apply in a prison case.

It is therefore Petitioner's contention that he was subjected to cruel and unusual punishment where his sentence to Camp J Extended

-11-

Lockdown was grossly disproportionate to the seriousness of the offense.

VII. PETITIONER WAS DENIED DUE PROCESS OF LAW AND SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE HE IS ACTUALLY INNOCENT OF VIOLATING RULE #30-W.

Petitioner respectfully contends that he is actually innocent of violating Rule #30-W.

Petitioner contends that he did not write the letters that he is accused of writing.

There was absolutely no evidence presented before his hearing before the Disciplinary Board that he wrote a letter which contained threats and strong-arming. There was absolutely no evidence presented before the Disciplinary Board that Petitioner was the author of the two anonymous letters. There was no evidence presented before the Disciplinary Board that Petitioner threatened or strong-armed an inmate.

Furthermore, the letters that Petitioner was accused of writing were never presented at his hearing before the Disciplinary Board.

It is therefore Petitioner's contention that he was denied due process of law and subjected to cruel and unusual punishment where he is actually innocent of violating Rule #30-W.

-12-

## CONCLUSION

WHEREFORE, petitioner respectfully prays that this Honorable Court grant the following:

A. That Respondents be required to appear and answer the allegations of this petition;
B. That this Court reverse petitioner's disciplinary conviction;
C. That this Court expunge the disciplinary report from petitioner's institutional records;
D. That this Court award petitioner good time credits that it deems appropriate;
E. That this Court award petitioner credit for the amount of time he was confined in extended lockdown;
F. That this Court order that petitioner be placed in an appropriate housing area;
G. That this Court, if necessary, grant an evidentiary hearing; and
H. That this Court grant petitioner such other, further and different relief as it may deem just and proper.

Respectfully submitted,
*Derrick W. Curry* #131053
DERRICK W. CURRY #131053
CAMP C, TIGER 2-R-11
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712

I declare under the penalty of perjury that the foregoing Petition for Writ of Habeas Corpus is true and correct. Executed on this 29 day of January, 2006.

Please Serve:

Richard Stalder, Secretary
P.O. Box 94304, Capitol Station
Baton Rouge, La 70804-9304

Burl Cain, Warden
General Delivery
Louisiana State Penitentiary
Angola, La. 70712

-14-